# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, <br> CENTRAL LABORERS' ANNUITY FUND, <br> NORTH CENTRAL ILLINOIS LABORERS' <br>  HEALTH AND WELFARE FUND, <br> ILLINOIS LABORERS AND CONTRACTORS JOINT <br>  APPRENTICESHIP & TRAINING TRUST FUND, <br> NORTH CENTRAL LABORERS-EMPLOYERS <br>  COOPERATION AND EDUCATION TRUST, <br> MARKET PROMOTION FUND, <br> MIDWEST REGION ORGANIZATION COMMITTEE, <br> ASSOCIATED GENERAL CONTRACTOR OF ILLINOIS <br>  INDUSTRY ADVANCEMENT FUND, <br> and the GREAT PLAINS LABORERS' DISTRICT <br>  COUNCIL WORKING DUES CHECK OFF FUND <br><br> Plaintiff(s), <br><br> v. <br><br> REZZAR DEMOLITION LLC, <br> an Illinois limited liability company, and <br> VAHID YARVEICY, individually, <br><br> Defendant(s). | **25-Cv-2561** |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al.*, by their attorneys, complain against Defendants REZZAR DEMOLITION LLC and VAHID YARVEICY as follows:

### COUNT I
against
### REZZAR DEMOLITION LLC
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiffs ("Plaintiff Funds") are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agents for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. REZZAR DEMOLITION LLC is an Illinois limited liability company doing business in (and with its principal place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). REZZAR DEMOLITION LLC is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. REZZAR DEMOLITION LLC became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions

affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. Copies of signature pages of such collective bargaining agreements are attached as *Exhibit 1*. REZZAR DEMOLITION LLC has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), REZZAR DEMOLITION LLC became a party to and bound by the Plaintiff Funds' trust agreements.

8. REZZAR DEMOLITION LLC became a party to and bound by one or more participation agreements with the Plaintiff Funds. No party has terminated the participation agreements, and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), REZZAR DEMOLITION LLC became a party to and bound by the Plaintiff Funds' trust agreements.

10. REZZAR DEMOLITION LLC became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. REZZAR DEMOLITION LLC became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. REZZAR DEMOLITION LLC became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, REZZAR DEMOLITION LLC is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, REZZAR DEMOLITION LLC is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Based on employer reports, employee pay records, and related documents, REZZAR DEMOLITION LLC failed and refused to pay all contributions and work dues for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Delinquent amounts include but may not be limited to the following:

Delinquent Contributions (4/2024 – 5/2024 / Local 165): $6,468.71
Remittance report form shortages (4/2024 – 5/2024; Local 165): $1,815.17
**Total: $8,283.88**

15. Additionally, based on employer reports, employee pay records, and related documents, REZZAR DEMOLITION LLC failed and refused to pay all contributions and work dues *when due* for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements:

Late Contributions (4/2024 / Local 165): $6,828.40
Late Contributions (5/2024 / Local 165): $22,168.70
Late Contributions (9/2024 / Local 165): $25,731.80

16. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions that remain unpaid on the 15th day of the month next following the month for which the contributions are due. ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

17. Because contributions were not paid when due, REZZAR DEMOLITION LLC incurred 10% penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

Late Penalty (Delinquent Contributions (4/2024–5/2024 / Local 165)): $646.87 (¶ 14)
Late Penalty (Remittance report form shortages (4/2024 / Local 165)): $181.52 (¶ 14)

Late Penalty (Late Contributions (4/2024 / Local 165)): $682.84 (¶ 15)
Late Penalty (Late Contributions (5/2024 / Local 165)): $2,216.87 (¶ 15)
Late Penalty (Late Contributions (9/2024 / Local 165)): $2,573.18 (¶ 15)

**Total        $ 6,301.28**

18. The total amount owed by REZZAR DEMOLITION LLC pursuant to the trust agreements is not less than $14,585.16, consisting of not less than: $6,468.71 in delinquent fringe benefit contributions, in report form shortages (delinquent fringe benefit contributions), $1,815.17 in report form shortages (delinquent fringe benefit contributions), and $6,301.28 in late payment penalties.

19. REZZAR DEMOLITION LLC has failed and refused to pay the amount of $14,585.16 known to be due to Plaintiff Funds.

20. Plaintiff Funds have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from REZZAR DEMOLITION LLC.

21. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for attorney's fees and costs.

22. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against REZZAR DEMOLITION LLC in favor of Plaintiffs.

B. Order REZZAR DEMOLITION LLC to pay Plaintiffs not less than $14,585.16 .

C. Order REZZAR DEMOLITION LLC to perform and continue to perform all obligations it has undertaken with respect to the Plaintiffs.

D. Order REZZAR DEMOLITION LLC to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E. Grant Plaintiffs such other and further relief as may be just.

## COUNT II
### Against VAHID YARVEICY
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

23. Plaintiff Funds reallege paragraphs 1 - 22 of Count I.

24. This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

Breach of Contract / Trust Agreements

25. Plaintiff Funds are advised and believe that VAHID YARVEICY is an officer of REZZAR DEMOLITION LLC and is in control of the corporation. Further, Plaintiff Funds are advised and believe that VAHID YARVEICY is an officer of REZZAR DEMOLITION LLC.

26. Pursuant to the collective bargaining agreements to which REZZAR DEMOLITION LLC agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

27. Pursuant to the trust agreements establishing the Plaintiff Funds, to which REZZAR DEMOLITION LLC and VAHID YARVEICY agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

28. Plaintiffs are informed and believe that VAHID YARVEICY did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the collective bargaining agreement, making VAHID YARVEICY personally liable for the money owed to the Plaintiff Funds by REZZAR DEMOLITION LLC.

Piercing the Corporate Veil

29. There is a unity of interest and ownership between REZZAR DEMOLITION LLC and VAHID YARVEICY such that the separate personalities of the corporation and the individual

no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making VAHID YARVEICY personally liable for the money owed to the Plaintiff Funds by REZZAR DEMOLITION LLC.

Alter Ego and/or Single Employer

30. Upon information and belief, and at all times material to this complaint, REZZAR DEMOLITION LLC and VAHID YARVEICY have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

31. Based on their nature and activities as alleged the preceding two paragraphs, REZZAR DEMOLITION LLC and VAHID YARVEICY constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer. VAHID YARVEICY is therefore bound by the terms of the collective bargaining agreements, participation agreements, and trust agreements, making him personally liable for the money owed to the Plaintiff Funds by REZZAR DEMOLITION LLC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against VAHID YARVEICY in favor of Plaintiffs.

B. Order VAHID YARVEICY to pay Plaintiffs $14,585.16, plus any additional amount shown to be due.

C. Order VAHID YARVEICY to pay interest, costs, and reasonable attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D. Order VAHID YARVEICY to pay punitive damages.

E. Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al.*

By: /s/ *Richard A. Toth*
One of their attorneys

GEORGES AND SYNOWIECKI, LTD.
*Attorney for Plaintiffs*
20 S. Clark St., Suite 400
Chicago, IL 60603-1903
(312) 726-8797

16247

# EMPLOYER CONTRACTOR SIGNATURE PAGE
# HEAVY/HIGHWAY AGREEMENT EFFECTIVE 5/1/22 – 4/30/25
# LABORERS LOCAL 165
## and
## AGC of ILLINOIS

_____ Vahid Yarveicy    2/2/2024
Contractor's Signature                          Date

Rezza Demolition, LLC
Contractor's Name

930 PYOTT Rd., Unit # 105
Contractor's Address

Crystal Lake.        IL         60014
City                 State      ZIP

(312) 468-4188
Telephone Number                Fax Number

accounting@Rezzademolition.com    
E-Mail Address                  Federal Tax ID#

||||                                31

RECEIVED JUL - 2 2024

EXHIBIT 1